IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


KELVIN WILLIAMS,                          *
                                          *
                    Plaintiff,            *
vs.                                       *        No. 4:13CV00022 SWW
                                          *
POSTAL SERVICE (U.S.),                    *
                                          *
                    Defendant.            *


**Memorandum Opinion and Order**

Before the Court is defendant's motion to dismiss to which plaintiff did not timely

respond.[1]  The motion is granted.

Plaintiff Kelvin Williams ("Williams") is employed by Defendant United States Postal

Service ("Postal Service").  He claims the Postal Service did not select him for a position as a

Customer Service Analyst in October 2010 because of his race, gender, color, and age.  After

exhausting his administrative remedies, Williams filed a *pro se* complaint on January 15, 2013.

Defendant moves to dismiss the complaint because Williams failed to file his lawsuit in a timely

manner.

Recognizing that Eighth Circuit case law is unclear whether a motion to dismiss based on

a 42 U.S.C. § 2000e-16(c) statute of limitations defense should be raised in a 12(b)(1) motion or a

12(b)(6) motion,[2] defendant moves for dismissal under both.  Regardless of whether the motion is

---

[1]The Local Rules provide that within 14 days from the date of service of copies of a motion, the opposing party must file a statement in opposition to the motion with supporting authorities.  Local Rule 7.2(b).  Defendant filed its motion on October 15, 2013.

[2]*See Frazier v. Vilsack*, 419 Fed. Appx. 686, 688 (8th Cir. 2011)(whether statute of limitations is jurisdictional or not, court must determine whether equitable tolling applies); *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)("possible existence of a statute of limitations defense is not ordinarily a

analyzed under Rule 12(b)(1) or Rule 12(b)(6), the disposition is the same.

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.,* 107 F/3d 1297, 1303-04 (8th Cir. 1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims "across the line from the conceivable to the plausible." *Id.* at 570.

When considering a motion to dismiss pursuant to Rule 12(b)(6), "the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint' as well as materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).[3]

Plaintiff attaches to his complaint a copy of the EEOC's decision affirming the agency

---

ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense"). *See also Coons v. Mineta*, 410 F.3d 1036, 1040 (8th Cir. 2005)(requirement that EEOC charge be filed on time "'is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" Quoting *Zipes v. TWA, Inc.,* 455 U.S. 385, 393 (1982)). Several circuit courts have held that motions to dismiss for failure to file Title VII civil action within the 90 day filing period should be considered under Rule 12(b)(6). *Gordon v. England*, 354 Fed. Appx. 975 (6th Cir. 2009); *Barrett v. Rumsfeld*, 158 Fed.Appx. 89 (10th Cir. 2005); *Acosta-Vega v. Brown*, 107 F.3d 1 (table), 1996 WL 734029 (1st Cir. Dec. 20, 1996).

[3]The district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003).

determination that there was no discrimination.  In support of its motion, the Postal Service

attaches the EEOC decision as well as a copy of Williams's EEO complaint and the final agency

decision.  The Statement of Rights section of the EEOC decision states that plaintiff has the right

to file a civil action within ninety (90) calendar days from the date he received the decision.  The

decision is dated October 11, 2012.  The certificate of service attached to the EEOC decision

states that "[f]or timeliness purposes, the Commission will presume that this decision was

received within five (5) calendar days after it was mailed."[4] The decision was mailed on October

11, 2012.

Plaintiff does not state in his complaint on what date he received the notice of the

decision, and he does not allege he filed his lawsuit within ninety days of receiving the notice of

rights.  When the exact date that the notice of decision is received at claimant's address is

unknown, the Eighth Circuit has employed a presumption of receipt within three to five days of

the date of mailing.  *See Frazier v. Vilsack*, 419 Fed. Appx. 686 (8th Cir. 2011)("court applied a

generous five-day presumption of mailing time" in considering whether plaintiff complied with

90-day requirement of 42 U.S.C. § 20002-16(c)).  The certificate of service attached to the

EEOC's decision assumes plaintiff received the decision within five days, or by October 16,

2012.  Plaintiff did not file his complaint until January 15, 2013, 96 days after the decision and

notice of rights was mailed.  Although the 90-day requirement may be equitably tolled, plaintiff

makes no such argument.  Accordingly, plaintiff's complaint is dismissed for failure to timely file

his lawsuit.

IT IS THEREFORE ORDERED that the motion to dismiss  [ECF No. 26] is hereby

---

[4] Pl's. Compl. at 7; Def's. Mem. in Supp. Mot. to Dismiss, Ex. 3 at 5.

granted.  Judgment will be entered accordingly.

DATED this 22nd day of November, 2013.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE